**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 05-cv-02527-REB-BNB

SHEERA BORIS,

      Plaintiff,

v.

THOMSON HEALTHCARE, INC.,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

      Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

      1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.     As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

      3.     Information designated as "CONFIDENTIAL" shall be information that is confidential, including information such as Plaintiff's tax returns and information that implicates

1

common law and privacy interests of current or former employees of Thomson Healthcare Inc.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the

preparation and trial of this case.

      4.    CONFIDENTIAL documents, materials, and/or information (collectively

"Confidential Information") shall not, without the consent of the party producing it or further

Order of the Court, be disclosed *except that* such information may be disclosed to:

      (a)    attorneys actively working on this case;

      (b)    persons regularly employed or associated with the attorneys

actively working on the case whose assistance is required by said attorneys in the preparation for

trial, at trial, or at other proceedings in this case;

      (c)    the parties and designated representatives for the defendant;

      (d)    expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings

in this case;

      (e)    the Court and its employees ("Court Personnel");

      (f)    stenographic reporters who are engaged in proceedings necessarily

incident to the conduct of this action;

      (g)    deponents, witnesses, or potential witnesses; and

      (h)    other persons by written agreement of the parties.

      5.    Prior to disclosing any CONFIDENTIAL information to any person listed

above (other than counsel, persons employed by counsel, Court Personnel and stenographic

reporters), counsel shall provide such person with a copy of this Protective Order and obtain

from such person a written acknowledgment stating that he or she has read this Protective Order

2

and agrees to be bound by its provisions.  All such acknowledgments shall be retained by

counsel and shall be subject to *in camera* review by the Court if good cause for review is

demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on

them (in a manner that will not interfere with their legibility) the following or other appropriate

notice:  "CONFIDENTIAL."

Any information designated by a party as confidential must first be reviewed by a lawyer

and the designation as confidential must be "based on a good faith belief that [the information] is

confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7).  Court's January

10, 2006 Order (quoting *Gillard v. Boulder Valley School District*, 196 F.R.D. 382, 386 [D.

Colo. 2000]).

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL

information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall

be subject to the provisions of this Protective Order.  Such designation shall be made on the

record during the deposition whenever possible, but a party may designate portions of

depositions as CONFIDENTIAL after transcription, provided written notice of the designation is

promptly given to all counsel of record within thirty (30) days after notice by the court reporter

of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL

information by giving written notice to the party designating the disputed information.  The

written notice shall identify the information to which the objection is made.  If the parties cannot

resolve the objection within ten (10) business days after the time the notice is received, it shall

be the obligation of the party designating the information as CONFIDENTIAL to file an

3

appropriate motion requesting that the Court determine whether the disputed information should

be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed

information shall be treated as CONFIDENTIAL under the terms of this Protective Order until

the Court rules on the motion.  If the designating party fails to file such a motion within the

prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and

shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In

connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed

information to be treated as CONFIDENTIAL.

9.      In the event any Party desires to file a document, brief, memorandum, or

any other paper with this Court which discloses any Confidential Information, or the substance

thereof, such document, brief, memorandum, or other paper (or, if appropriate, the confidential

portion thereof) shall be filed under seal and the disclosing party shall, contemporaneously with

the filing of the Confidential Information, file and diligently pursue a motion to seal.  The above

shall be done pursuant to and in compliance with D.C.COLO.LCivR 7.2 and 7.3.

~~All such material so filed shall, pursuant to D.C.COLO.LCivR 72. and 7.3, be maintained~~

~~by the Clerk of the Court in the sealed envelope or container with the appropriate legend and~~

~~shall be released only upon further order of the Court.  In the event any Confidential Information~~

~~is used in any court proceeding herein, including deposition, subject to the rules of evidence, the~~

~~Federal Rules of Civil Procedure, and any other applicable law, such information shall not lose~~

~~its confidential status through such use, and the Parties shall take all steps described above to~~

~~protect the confidentiality of such information during its use.~~

4

10.     Nothing contained in this Order shall affect the rights, if any, of the Parties to make any other type of objection, claim or other response to any discovery request, subpoena, or any question at a deposition, nor shall this Order be construed as a waiver by the Parties of any legally cognizable privilege to withhold any document or information, or of any right which the Parties may have to assert such privilege at any stage of the proceedings.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may agree to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated January 19, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

5

The Parties, by their undersigned counsel, stipulate and consent to entry of this Order.

| s/June F. Bourrillion | s/Colin A. Walker |
|---|---|
| June F. Bourrillion | Colin A. Walker |
| PO Box 200878 | FAIRFIELD AND WOODS, P.C. |
| Denver, CO 80220-0878 | Wells Fargo Center, Suite 2400 |
| (303) 331-3456 | 1700 Lincoln Street |
| | Denver, CO 80203-4524 |
| | (303) 830-2400 |

6