**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02527-REB-BNB

SHEERA BORIS,

    Plaintiff,

v.

THOMSON HEALTHCARE, INC.,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

**Blackburn, J.**

The matter before me is defendant Thomson Healthcare, Inc.'s **Motion to Dismiss** [#4], filed December 15, 2005. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

Although defendant brings this motion pursuant to both Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6), a motion to dismiss a claim under the Americans With Disabilities Act on the grounds that the claim is barred by the applicable statute of limitations should be decided pursuant to the standards of Rule 12(b)(6). **See Barrett v. Rumsfeld**, 2005 WL 3196750 at *2 (10th Cir. Nov. 30, 2005) (concluding that, because "'[c]ompliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling,'" motions to dismiss

for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6)) (quoting **Million v. Frank**, 47 F.3d 385, 389 (10th Cir.1995)).

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that it can prove no set of facts entitling it to relief. **See Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

### III.  ANALYSIS

Plaintiff Sheera Boris was formerly employed by defendant as a senior copy writer in the company's marketing department. On February 26, 2002, plaintiff suffered a severe exacerbation of multiple sclerosis, which forced her to take a six-month medical leave of absence from work. After plaintiff returned to work on September 2, 2002, she allegedly was subjected to "verbal harassment, intimidation, and unequal terms and conditions of employment." (Complaint at 3, ¶ 15.) Plaintiff claims defendant

2

reduced her work hours and pay rate, criticized and disciplined her for alleged infractions for which other employees were not disciplined, and refused her requests for reasonable accommodations for her disability. Plaintiff was ultimately fired on April 15, 2004.

In a "deferral state" such as Colorado, **see Davila v. Qwest Corp., Inc.**, 2004 WL 2005915 at *2 (10th Cir. Sept. 9, 2004), an employee must file a charge of discrimination within 300 days of the allegedly unlawful conduct, **see** 42 U.S.C. §§ 12117(a) & 2000e-5(e)(1). Plaintiff filed a charge of discrimination on October 25, 2004. Therefore, defendant argues, any discrete act of discrimination occurring prior to December 29, 2003 – 300 days prior to the filing of her charge – is barred by limitations. **See National Railroad Passenger Corp. v. Morgan**, 536 U.S. 101, 113, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.").

Plaintiff does not disagree with this principle but points out that it is inapplicable to hostile work environment claims. **See id.**, 122 S.Ct. at 2073-74. This argument, although accurate, is unavailing in this case because plaintiff has not alleged a cause of action for hostile work environment disability harassment. **See Lanman v. Johnson County, Kansas**, 393 F.3d 1151, 1155 (10th Cir. 2004) (noting that hostile work environment claims are cognizable under the ADA).

Alternatively, plaintiff claims that defendant should be equitably estopped from relying on the statute of limitations. Because the time limits for the filing of ADA claims are not jurisdictional, they are subject to estoppel and equitable tolling. **See Zipes v.**

3

*Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). Equitable tolling may be appropriate where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." *Carlile v. South Routt School District RE 3-J*, 652 F.2d 981, 986 (10th Cir. 1981); *see also Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983). Proof of "active deception" is required to toll the statute of limitations. *Johnson v. United States Postal Service*, 861 F.2d 1475, 1481 (10th Cir. 1988), *cert. denied*, 110 S.Ct. 54 (1989). The plaintiff must show "'a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1235 (10th Cir. 1999) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)).

Here, the complaint alleges that defendants "repeatedly denied Ms. Boris a reasonable accommodation and actively worked to delay the filing of any charge by Ms. Boris with the Equal Employment Opportunity Commission by leading Ms. Boris to believe the matter could be worked out internally." (Complaint at 4, ¶ 20.)[1] I cannot say as a matter of law that plaintiff can prove no set of facts in support of this allegation that would entitle her to relief on an assertion of equitable estoppel. The allegation is sufficient at this early juncture to assert that defendant understood that its reassurances would cause plaintiff to delay filing a charge of discrimination. *See id.*; *see also Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1368 (D.C. Cir.

---

[1] In her response to the motion to dismiss, plaintiff has provided some further detail regarding the manner in which she claims defendant allegedly misled her to forebear from filing suit sooner. Defendant faults this recitation for being both unauthenticated and insufficient to support a claim of equitable estoppel. This argument misses the mark. Plaintiff is not required to provide any evidence to support her claims in response to a motion under Rule 12(b)(6), and I could not consider such evidence in any event. Thus, whether these arguments, if and when presented as facts, are sufficient to support a claim of equitable estoppel is not a matter to be resolved at this stage of the litigation.

1998) (although mere pendency of an internal grievance does not toll statute of limitations, *see Delaware State College v. Ricks*, 449 U.S. 250, 261, 101 S.Ct. 498, 506, 66 L.Ed.2d 431 (1980), employer's affirmatively misleading statements that grievance will be resolved in employee's favor may establish equitable estoppel).

### IV.  CONCLUSION

For these reasons, defendant's motion to dismiss for failure to state a claim on which relief may be granted should be denied.

**THEREFORE, IT IS ORDERED** that defendant's **Motion to Dismiss** [#4], filed December 15, 2005, is **DENIED**.

Dated March 6, 2006, at Denver, Colorado.

                **BY THE COURT:**

                **s/ Robert E. Blackburn**
                **Robert E. Blackburn**
                **United States District Court**